

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**BENITEZ AUGUARIUS MOODY,**

Petitioner,

v.     CRIMINAL ACTION NO. 2:16-cr-124

**UNITED STATES OF AMERICA,**

Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Benitez Auguarius Moody's ("Petitioner") *pro se* motion, pursuant to 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. ECF No. 147. The Government opposed the motion and Petitioner replied. ECF Nos. 150, 157. Petitioner then filed a 15(B) Motion for Leave to Amend and a Motion to Amend his 2255 Motion. ECF Nos. 155, 159. Having reviewed the motion and filings, this Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED** and Petitioner's Motion to Amend is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 22, 2017, a federal grand jury returned a fifteen-count Superseding Indictment charging Defendant with various drug possession, distribution, and firearm charges. ECF No. 31. A four-day jury trial in the instant matter commenced on April 25, 2017. On April 28, 2017, a jury convicted Petitioner of the following: Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count One); Possession with Intent to Distribute Heroin, Cocaine, and Fetanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); Possession with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1)

1

and (b)(1)(C) (Count Three); Possession of Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four); and Felon in Possession of Firearm, in violation of 18 U.S.C. § 922(g) and § 924(a)(2) (Count Five). ECF Nos. 56, 57. On April 4, 2018, Petitioner was sentenced to a total term of 300 months imprisonment. ECF Nos. 103, 104.

On May 12, 2017, Petitioner filed for a Franks Hearing, pursuant to *Franks v. Delaware*, 438 U.S. 18 (1967), and for Rule 29 Judgments of Acquittal or for Rule 33 New Trial ("Post-Trial Motion"). ECF No. 62. On June 23, 2017, the Court denied Petitioner's Post-Trial Motion. ECF No. 72. On April 5, 2018, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") from the Opinion and Order entered June 23, 2017, ECF No. 72, and the Judgment entered on April 4, 2018, and filed April 5, 2018, ECF No. 104. On July 29, 2019, the Fourth Circuit affirmed Petitioner's conviction in a published opinion. ECF No. 136. Petitioner filed a Motion for Certification with the United States Supreme Court, which was denied on January 13, 2020. ECF No. 142, 143.

On February 7, 2020, Petitioner filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255. ECF No. 147. The United States opposed the motion on April 30, 2020. ECF No. 150. On June 3, 2020, Petitioner filed a reply to the United States' opposition. ECF No. 157. On May 14, 2020, Petitioner filed the a Brady Motion to Compel Discovery. ECF No. 153. On May 14, 2020, Petitioner filed a 15(B) Motion for Leave to Amend. ECF No. 155. On July 22, 2020, Petitioner filed a Motion to Amend the Motion to Vacate under 28 U.S.C 2255. ECF No. 159.

## II. LEGAL STANDARD

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to]

move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal and constitute sufficient cause to review a procedurally defaulted claim. *See Untied States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008); *Mikalajunas*, 186 F.3d at 493.

3

### B. Ineffective Assistance of Counsel Claim

A viable ineffective assistance of counsel claim arises when "the counsel's conduct so undermined the proper functioning of the adversarial process that the trial did not result in a just outcome." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An ineffective assistance of counsel claim is properly raised on a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance. *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). To prove a claim of ineffective assistance of counsel, a petitioner must make two showings.

First, a petitioner must show that counsel's performance was deficient. *Id.* at 687. Counsel's errors must have been so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.* To demonstrate deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness" under the prevailing norms of the legal community. *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential," so "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. That presumption is even greater when counsel's decisions represent strategic tactical decisions requiring "assessment and balancing of perceived benefits against perceived risks." *United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). A petitioner bears the burden of rebutting this presumption. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that the deficient performance prejudiced the defense. *Id.* at 687. In other words, counsel's errors must have been so serious that the petitioner was deprived of a fair trial with a reliable result. *Id.* To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

4

would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* In short, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgement of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

To establish a claim that appellate counsel was ineffective, petitioner must demonstrate both prongs of Strickland outlined above. In applying this two-component test to claims of ineffective assistance of appellate counsel, reviewing courts must give appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). In general, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). If a petitioner cannot meet either component of the *Strickland* test, the ineffective-assistance claim will fail. *Id.* at 700. Additionally, the Court need not address both components of the test if the petitioner makes an insufficient showing on one prong. *Id.* at 697.

### III. DISCUSSION

Petitioner claims two grounds for relief based on both trial and appellate counsels' alleged failure to address the following: (1) Detective Shelkey's search warrant for Petitioner's residence falsely claimed that an informant made a controlled purchase of narcotics from that residence; and (2) Detective Shelkey searched Petitioner's residence before obtaining a search warrant. ECF No. 147. The Court will address both in turn.

#### A. Ineffective Assistance of Trial Counsel Claim

First, Petitioner alleges that trial counsel's performance was deficient because he failed to argue that Portsmouth Detective Beth Shelkey's affidavit falsely alleged that he dealt narcotics

5

directly from his residence. ECF No. 147 at 6. However, the Government argues that trial defense counsel "vigorously cross examined Detective Shelkey about the facts contained in her search warrant affidavit [and] challenged the wording of her affidavit that could be interpreted as an assertion that Petitioner and two black females delivered the heroin to the confidential informant." ECF No. 150 at 7 (citing Joint Appendix ("JA") at 283-290-295). Moreover, the Government notes that trial defense counsel "made numerous objections during trial with respect to the government's evidence, and would often check with Petitioner before ending a particular line of questioning." *Id.* (citing JA 41, 61, 83-84, 182, 311, 357, 420). The Government also notes that trial defense counsel did not focus "his cross examination on how many other informants may have purchased narcotics from Petitioner and whether those transactions occurred inside his residence perhaps because it may have cast him in a further negative light to the jury." *Id.* Moreover, the Government notes that defense counsel filed a post-trial motion for a *Franks* hearing where counsel focused on Detective Shelkey's affidavit. *Id.* Petitioner replied by arguing that trial defense counsel was ineffective because "he didn't contact previous lawyer's in the state to see how long it took to receive a (*sic*) affidavit and the remade house warrant." ECF No. 157 at 6. Petitioner also alleges that he told his trial defense counsel that there was a state and federal affidavit with "different narrative[s]" and that "any competent lawyer that see's the document would have requested identification interrogatories, handing writing specialist and suppression's before trial." *Id.* at 6-7.

Second, Petitioner also claims that his trial defense counsel failed to argue that Detective Shelkey applied for a search warrant for his residence after she conducted the search. ECF No. 147 However, the Government argues that Petitioner mistakenly interchanged the date the warrant was returned (dated after the search) with the date it was issued. Based on the record, the Government shows that the search warrant was signed and issued by the magistrate on March 24, 2016 at 6:01

p.m. JA 43. The search was conducted the same evening, beginning at approximately 9:57 p.m. JA 40, 48.

The Court finds that while Petitioner might disagree with his defense counsel's strategic decisions, Petitioner has failed to demonstrate that defense counsel's performance fell outside "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The record shows that trial defense counsel substantially inquired as to the accuracy and content of Detective Shelkey's affidavit particularly to determine whether the affidavit falsely alleged that Petitioner dealt narcotics directly from his residence. Moreover, as the record shows, trial defense counsel correctly declined to pursue a meritless claim that the warrant was issued after the search. Finally, Petitioner previously raised the same arguments and the Fourth Circuit rejected both and held that "[Petitioner's] additional claims fail th[e] rigorous ['plain error'] test, and in fact would fail even without subjecting them to more stringent review." *United States v. Benitez Moody*, 931 F.3d 366, 372-73 (4th Cir. 2019). This Court holds the same. Since Petitioner cannot show trial counsel's performance was deficient, the claim of ineffective assistance of counsel fails.

**B. Ineffective Assistance of Appellate Counsel Claim**

First, similar to above, Petitioner argues that appellate defense counsel was defective by failing to argue that Detective Shelkey's affidavit falsely alleged that he dealt narcotics directly from his resident. The Government argues that appellate counsel specifically raised this issue and thus "Petitioner cannot claim appellate counsel was deficient for failing to do something that he actually did." ECF No. at 150 at 9-10 (citing *Moody*, 931 F.3d at 372-73). Second, Petitioner argues that appellate defense counsel was deficient in failing to raise a claim on appeal that Detective Shelkey searched his residence before she obtained a warrant.

7

The Court finds that appellate counsel's performance was not ineffective for two reasons. First, appellate counsel did raise the issue of the alleged falsified warrant. *See Moody*, 931 F.3d at 372-73. Second, appellate counsel, like trial counsel, used their judgement and determined that the search warrant was correctly issued before searching Petitioner's home. Therefore, appellate counsel did not raise the meritless claim. In the absence of deficient performance of appellate counsel, Petitioner's claim of ineffective assistance of counsel fails.

### C. Petitioner's Motion to Amend is Futile

The Court now turns to Petitioner's 15(B) Motion for Leave to Amend and his Motion to Amend his 2255 Motion. ECF Nos. 155, 159. The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Upon review, the Court finds that Petitioner's amendment does not raise any new arguments and it is futile. Petitioner raises the same arguments that he originally filed in his 2255 Motion and in his reply. ECF Nos. 147, 159. An amendment under these circumstances would be futile because it does not raise a new cause of action. *Cf. Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (holding that Plaintiff's motion to amend was not futile because it raises a new cause of action); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Therefore, the Court denies both Petitioner's 15(B) Motion for Leave to Amend and his Motion to Amend his 2255 Motion.

## IV. CONCLUSION

For the reasons stated above, Petitioner's 2255 Motion is **DENIED**, Petitioner's 15(B) Motion for Leave to Amend is **DENIED**, and his Motion to Amend his 2255 Motion is **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether... the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 23, 2020

Raymond A. Jackson
United States District Judge